IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL LEE YARBROUGH,           ]
                                 ]
        Petitioner,               ]
                                 ]
vs.                               ]      CIVIL ACTION NO. 02-J-3110-S
                                 ]
WARDEN RALPH HOOKS and            ]
THE ATTORNEY GENERAL FOR          ]
THE STATE OF ALABAMA,             ]
                                 ]
        Respondents.              ]

## MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Michael E. Yarbrough, was convicted on July 26, 2000, in the Circuit Court of Jefferson County, on his pleas of guilty to attempted murder, first degree robbery, and two counts of second degree assault. He was sentenced to life imprisonment for the attempted murder and robbery convictions and concurrent fifteen-year terms of imprisonment on his second degree assault convictions. Yarbrough did not appeal the convictions or sentences.

On January 8, 2002, Yarbrough filed a petition for a writ of habeas corpus in the Circuit Court of Jefferson County. The trial court summarily denied the petition on February 28, 2002. The Alabama Court of Criminal Appeals affirmed the denial of the petition in a memorandum of opinion released on August 23, 2002. The Alabama Supreme Court denied

Yarbrough's petition for a writ of certiorari on November 8, 2002. Yarbrough filed the current petition on December 19, 2002.

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner has filed a traverse.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

>      (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or
> claim is pending shall not be counted toward any period of limitation under
> this subsection.

Yarbrough's conviction became final on September 6, 2000, when the forty-two days in which he could have filed a direct appeal from his convictions and sentences expired. Thus, the one-year period he had to attack the convictions began to run on September 6, 2000, giving him until September 5, 2001, to file a habeas petition in this court. He did not file this petition until December 19, 2002. Thus, the petition is barred by the statute of limitations.

Title 28 U.S.C. § 2244(d)(2) does not help the petitioner. That section provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although Yarbrough did file a Rule 32 petition in state court, that petition was not filed until January 8, 2002, after the one-year limitations period expired on September 5, 2001. The fact that Yarbrough successfully filed a Rule 32 petition after the expiration of the one-year period for filing in federal court did not start the running of the limitations period anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to
> run anew after decision on a state collateral attack; such an interpretation
> would allow an inmate to avoid the effect of the AEDPA's one-year state of
> limitations by bringing a belated state collateral attack. See, e.g., *Hamilton v.
> Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999);
> *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v.
> McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17,
> 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff,
> D.J. & Peck, M.J.).

3

> Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations. *See, e.g., Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir.1998) ( "Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); *DeVeaux v. Schriver,* slip op. at 8; *Broom v. Garvin,* 99 Civ. 1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller,* 1999 WL 438472 at *3; *Smith v. McGinnis,* 1999 WL 312121 at *3-4; *Varsos v. Portuondo,* slip op. at 4-5; *Brooks v. Artuz,* 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. 2244(d)(2) ] does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (quoting *Rashid v. Kuhlmann,* 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *Cowart v. Goord,* 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin,* 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller,* No. 99 Civ. 0580 MBM, 1999 WL 714349, at *3-4 (S.D.N.Y. August 27, 1999). *See also Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000)("A state-court petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999)(tolling lasts "only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period"); *Rashid v. Kuhlmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.").

4

The limitations period expired on September 5, 2001. Yarbrough did not file his petition in this court until December 19, 2002. Therefore, his petition is untimely and it is due to be dismissed because it is barred by the statute of limitations.

An appropriate order will be entered.

DONE this __25__ day of September, 2003.

_____
INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE